UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV01537 AGF |
| ) | |
| MORPHO DETECTION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Defendant Morpho Detection, Inc.'s Corporate Representative Deposition (Doc. 38) and Defendant Morpho Detection, Inc.'s Motion for Protective Order (Doc. 40). A hearing on both parties' motions was held on July 15, 2011. Upon review of the entire record, including parties' briefs, and for the reasons set forth below, the Court will deny Plaintiff's motion to compel and will grant Defendant Morpho Detection, Inc.'s motion for protective order.

**Background**

Plaintiff, an employee of the Transportation Security Administration ("TSA") at St. Louis Lambert International Airport, brought this products liability lawsuit against Morpho Detection, Inc. ("MDI") alleging that she sustained injuries while loading a luggage scanner designed to detect explosives in checked passenger luggage. (Doc. 5, ¶¶ 15-17.) Specifically, Plaintiff alleges that she was injured when a piece of luggage struck the opening portal of the luggage scanner and fell from the side of the scanner's conveyor, striking Plaintiff, on June 9, 2007. (Doc. 5, ¶¶ 16-17.) Plaintiff contends that

the luggage scanner, an InVision model CTX 5500 DS, was designed, manufactured and sold by a predecessor to MDI, and that the luggage scanner was the cause of Plaintiff's injury.  (Doc. 5, ¶¶ 16-17.)  Plaintiff also contends that Plaintiff's injury could have been prevented if guardrails were placed along the scanner's infeed ramp.  (Doc. 5, ¶ 21(d).)

On May 6, 2011, Plaintiff served on MDI a Notice of Corporate Representative Deposition, as well as a list of thirty-four topics to be covered at the deposition.  Topic 25 requested a corporate representative to testify on "The decision to include or not include a guardrail or protective shield along the output of the CTX 5500 DS luggage scanner."  (Doc. 41-1, ¶ 25.)  Topic 26 requested a corporate representative to testify about "Other lawsuits relating to claims of injury by TSA employees suffered while using or caused in any way by a CTX 5500 DS luggage scanner."  (Doc. 41-1, ¶ 26.)

On June 7, 2011, MDI served its Objections to Plaintiff's Notice, including its objections to topics 25 and 26 of Plaintiff's designated topics.  MDI objected to the information sought by topics 25 and 26 because it argued the information sought was irrelevant, not reasonably calculated to lead to discoverable information, and unduly burdensome.  (Doc. 41-1, ¶¶ 25, 26.)  MDI also objected to topic 26 on the grounds that it was overly broad.  (Doc. 41-1, ¶ 26.)  In accordance with Local Rule 3.04 and Federal Rule of Civil Procedure 37(a), the parties participated in a telephone conference on July 13, 2011, in an attempt to resolve their discovery disputes, but were unable to resolve their disputes regarding topics 25 and 26.  (Doc. 38, ¶5; Doc. 41 at 1-2.)

Plaintiff now seeks for this Court to order MDI to produce its corporate representative to testify on topic 25 of Plaintiff's Notice of Corporate Representative

Deposition. Conversely, MDI seeks for this Court to enter a protective order quashing topics 25 and 26 of Plaintiff's Notice of Corporate Representative Deposition.

## Legal Standard

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Rule 26(b) also authorizes the Court, for good cause, to "order discovery of any matter relevant to the subject matter involved in the action." Such "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Rule 26(c)(1)(A) authorizes a court, for good cause, to issue an order limiting discovery "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden expense." The party moving for a protective order has the burden of demonstrating good cause for the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999); *Infosint SA v. H. Lundbeck A.S.*, 2007 WL 1467784 (S.D.N.Y. May 16, 2007); *Uniroyal Chem. Co. v. Syngenta Crop Prot.*, 224 F.R.D. 53, 56 (D. Conn. 2004). The movant "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993).

"[T]he moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury.'" *Uniroyal Chem Co.*, 224 F.R.D. at 56.

Also, under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." A motion to compel a discovery response may be made if

> (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## **Discussion**

Topic 25

Topic 25 requests an MDI corporate representative to testify on "The decision to include or not include a guardrail or protective shield along the output of the CTX 5500 DS luggage scanner." (Doc. 41-1, ¶ 25.) MDI seeks to have the Court quash topic 25 because design decisions relative to the output of the luggage scanner are irrelevant to Plaintiff's claims that the luggage scanner's entrance conveyor and entry portal were defectively and negligently designed, or that MDI failed to warn of such defects. MDI

4

also argues that requiring it to respond to Plaintiff's requests regarding the output of the luggage scanner would also expose MDI to a burdensome and expensive search and production of information regarding the output, which would also include the cumbersome and time consuming process of submitting materials to TSA for security clearance prior to production of these materials to Plaintiff.

Plaintiff's Complaint only alleges a defective incline entrance conveyor and a defective opening for passenger luggage to enter the machine. (Doc. 5, ¶¶ 20, 27, 34(a)-(b).) Plaintiff has not made any allegations that the output of the luggage scanner was similarly defective. Moreover, Plaintiff has alleged she was injured when a piece of luggage struck the opening portal of the luggage scanner and fell from the side of the scanner's entrance conveyor, not from the output of the luggage scanner. (Doc. 5, ¶¶ 16-17.) While Plaintiff argues that her allegation of a product defect, and MDI's asserted "government contractor defense," makes the design and development of the product's entire luggage handling components and the decision to include or not include guard rails on those components relevant, she has cited no cases that support such a finding.

Plaintiff cites to *Lewy v. Remington Arms Co., Inc.*, 836 F.2d 1104, 1107-08 (8th Cir. 1988), but that case is distinguishable from the case at hand. In *Lewy*, the Court admitted evidence of a gun that was substantially similar to the gun at issue only after the plaintiff had established that the two guns were substantially similar in both manufacture and defect, and specifically excluded any evidence of other gun discharges that may have resulted from other causes unrelated to the alleged defect in the gun at issue. *Id.* at 1108. In the present case, Plaintiff has not alleged any defect in the output of the luggage

5

scanner, or that she was injured by a defect in the output of the luggage scanner, nor has she alleged or established that the entrance and exit conveyor ramps were substantially similar.

Moreover, although MDI asserted its objections in early June, 2011, Plaintiff did not bring this matter to the Court's attention until she filed her motion to compel on July 13, 2011, just days before the scheduled 30(b)(6) deposition. At this late date, it would be unfair to require MDI to prepare a corporate representative on matters so unrelated to the claims in the Complaint. Further it would not be reasonable to expand the scope of the discovery to matters that have little, if any, relation to the claims at issue so late in the case and so soon before the expert witness disclosure deadlines.

The Court finds that topic 25 is not "relevant to any party's claim or defense," as required by Rule 26(b)(1) and would cause undue prejudice to MDI, and therefore, will quash topic 25 of Plaintiff's Notice of Corporate Representative Deposition served upon MDI.

The Court notes that, at the hearing, Plaintiff raised the additional issue of whether the end cap to the exit ramp was a retrofit to the luggage scanner, which might therefore implicate the government contractor defense. The Court finds that this issue is not properly before the Court at this time because it does not fall within the scope of topic 25. However, Plaintiff shall be free to issue discovery with regard to the changes made to the luggage scanner to install the end cap and whether those changes were approved by the government.

Topic 26

Topic 26 requests an MDI corporate representative to testify about "Other lawsuits relating to claims of injury by TSA employees suffered while using or caused in any way by a CTX 5500 DS luggage scanner." (Doc. 41-1, ¶ 26.) MDI seeks to have the Court quash topic 26 because it argues that discovery regarding injuries allegedly suffered by TSA employees "while using or caused in anyway" by a CTX 5500 DS luggage scanner is overly broad and improperly encompasses claims and alleged injuries that are not relevant and not substantially similar to Plaintiff's claims. At the July 15, 2011 hearing, Plaintiff advised the Court that it consented to MDI's objection and will limit its questioning of MDI's corporate representative accordingly.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Morpho Detection, Inc.'s Motion for Protective Order (Doc. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that topics 25 and 26 of Plaintiff's Notice of Corporate Representative Deposition served upon MDI are **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendant Morpho Detection, Inc.'s Corporate Representative Deposition (Doc. 38) is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2011.